UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES H. GIBSON, ) | |
| Petitioner, ) | |
| vs. ) | Case No. 4:08CV956CEJ(LMB) |
| DAVE DORMIRE, ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on the Petition for Writ of Habeas Corpus filed by Petitioner James H. Gibson pursuant to 28 U.S.C. § 2254. (Doc. No. 1). Respondent filed a Response to Order to Show Cause together with Exhibits. (Doc. No. 7). Petitioner filed a Traverse. (Doc. No. 9). This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b).

**I.
BACKGROUND**

On May 18, 2001, petitioner pleaded guilty in the Circuit Court of Marion County, to one count of the Class B felony of sexual abuse, three counts of the Class C felony of sexual abuse, and three counts of forcible sodomy. (Resp. Ex. A at 24).

The trial court sentenced petitioner on June 4, 2001, to eight years of imprisonment for the Class B felony of sexual abuse, to seven years for the Class C felonies of sexual abuse, and to seventeen years for the felonies of forcible sodomy, with the sentences to run consecutively to one another for a total of eighty years incarceration. (Resp. Ex. A at 25).

Petitioner did not file a timely post-conviction relief motion pursuant to Missouri Supreme Court Rule 30.01(d). On October 10, 2007, in the Circuit Court of Marion County, petitioner filed

a document titled "Jurisdictional Petition Challenging Lawfullness of Sentences" ("Jurisdictional Petition"). (Resp. Ex. A at 87). On October 31, 2007, the State circuit court summarily denied petitioner's "Jurisdictional Petition." Petitioner filed a notice of appeal of the summary denial of the circuit court. (Resp. Ex. A at 85). On July 17, 2008, the Missouri Court of Appeals for the Eastern District dismissed petitioner's appeal because petitioner did not file a brief. (Resp. Ex. B).

On July 1, 2008, Petitioner filed his § 2254 Petition in which he raises the following grounds for relief:

**(1)** Petitioner's sentences are unlawful;

**(2)** Petitioner's constitutional rights were violated because he was not permitted to have the assistance of another inmate to prepare his post-conviction relief motion;

**(3)** Petitioner was denied appointment of counsel during his post-conviction appeal.

(Doc. No. 1).

## II.
## PROCEDURAL DEFAULT, EXHAUSTION AND TIMELINESS ANALYSIS

**A.    Procedural Default**

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. Id. at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996)). A state prisoner who fails "'to follow applicable state procedural rules [for] raising the claims' (citation omitted) . . . , is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." Id. at 1151 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but

also the substance of his federal habeas corpus claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Id. at 411-12. A state-law claim which is raised in state court which "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Id. at 412.

The United States Supreme Court holds that a state prisoner can overcome procedural default if he or she can demonstrate cause and prejudice for the procedural default. Dretke v. Haley, 541 U.S. 386, 388-89 (2004). See also Coleman, 501 U.S. at 750 (holding that a state habeas petitioner can overcome procedural default by demonstrating cause for the default and actual prejudice or demonstrate that default will result in a fundamental miscarriage-of-justice); Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1994). The United States Supreme Court has recently held that because the "cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice" the Court has "recognized a narrow exception to the cause requirement where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke, 541 U.S. at 393 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986); Schlup v. Delo, 513 U.S. 298 (1995)). "[A] habeas petitioner who wishes to have a procedurally defaulted claim evaluated on its merits 'must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty] under the applicable state law.'" McCoy v. Lockhart, 969 F.2d 649, 651 (8th Cir. 1992) (citation omitted). Actual innocence is required to meet the miscarriage-of-justice exception. See Sweet, 125 F.3d at 1152 (citing Schlup, 513 U.S. at 316). The Supreme Court, however, has limited the application of the actual innocence exception to the capital sentencing context. See Dretke, 541 U.S. at 393. In

Dretke, the Court declined to extend the actual innocence exception to procedural default of constitutional claims challenging noncapital sentencing error. Rather, the Court held "that a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." Id. at 393-94.

In any case, a "'bare, conclusory assertion' that a petitioner is actually innocent is insufficient to excuse a procedural default." Sweet, 125 F.3d at 1152 n.9 (citing Weeks v. Bowersox, 119 F.3d 1342, 1352-55 (8th Cir. 1997)). To meet the requisite standard for a probability of innocence a habeas petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of *new* evidence." Schlup, 513 U.S. at 327 (emphasis added). Evidence is "new" if it was "not available at trial and could not have been discoverable earlier through the exercise of due diligence." Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001).

It has been held that "novel circumstances and arguments" may constitute cause to excuse procedural default. McKinnon v. Lockhart, 921 F.2d 830, 833-34 (8th Cir. 1990). "[T]he Supreme Court [has] recognized that cause may exist when the claim raised is so novel that there was no reasonable basis to have asserted it at the time of a petitioner's state appeals." Id. at 833(citing Reed v. Ross, 468 U.S. 1, 16 (1984)). However, "[if] the 'tools were available' for a petitioner to construct the legal argument at the time of the state appeals process, then the claim cannot be said to be so novel as to constitute cause for failing to raise it earlier." Id. (citing Leggins v. Lockhart, 822 F.2d 764, 766 (8th Cir.1987)).

In regard to the "prejudice" component of "cause and prejudice," as discussed above, "actual prejudice" is required to overcome the procedural bar. Zinzer v. Iowa, 60 F.3d 1296, 1299 (8th Cir. 1995). "Prejudice, within the meaning of [the ineffective assistance of counsel standard of Strickland

4

v. Washington, 466 U.S. 668 (1984)] occurs when appellate counsel's deficient performance renders the result of the direct appeal unreliable or fundamentally unfair." Id. The Eighth Circuit, however, holds that the "'prejudice' component of 'cause and prejudice' [necessary to excuse procedural default] is analytically distinct from the Strickland prejudice." Id. at 1299 n.7. The "'actual prejudice' required to overcome the procedural bar must be a higher standard than the Strickland prejudice required to establish the underlying claim for ineffective assistance of counsel." Id. (citing United States v. Frady, 456 U.S. 152, 165-68 (1982) (holding that to obtain habeas relief on a defaulted claim, a petitioner must clear a significantly higher hurdle than would exist on direct appeal).

**B.    Exhaustion**

Prior to considering the merits of a state petitioner's habeas claim, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). "If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are no 'currently available, non-futile remedies,' through which the petitioner can present his claim." Id. (citation omitted).

In regard to the exhaustion requirement the Eighth Circuit holds:

> "[I]t is well settled that only after some clear manifestation on the record that a state court will refuse to entertain petitioner's claims will the exhaustion requirement be disregarded as futile." Powell v. Wyrick, 657 F.2d 222, 224 (8th Cir.1981); accord Eaton v. Wyrick, 528 F.2d 477, 482 (8th Cir.1975). The question is usually whether state law provides any presently available state procedure for determining the merits of the petitioner's claim; not whether the state court would decide in favor of the petitioner on the merits. See, e.g., Lindner v. Wyrick, 644 F.2d 724, 727 (8th Cir.), cert. denied, 454 U.S. 872, 102 S.Ct. 345, 70 L.Ed.2d 178 (1981) (return to state court not futile because Missouri rule allows second post-conviction petition if the petitioner can show his claims are based on information not available at the time of the first petition); Thomas v. Wyrick, 622 F.2d 411, 414 (8th Cir.1980) (whether state rule barring claims not raised in direct appeal makes post-conviction remedy presently unavailable is a question of state law).

Snethen v. Nix, 736 F.2d 1241, 1245 (8th Cir. 1984).

However, "only a 'firmly established and regularly followed state practice' will bar federal court review." Clark v. Caspari, 274 F.3d 507, 510 (8th Cir. 2001) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)). In Randolph v. Kemna, 276 F.3d 401, 404 (8th Cir. 2002), the Eighth Circuit held that the law of Missouri does not require "prisoners to pursue discretionary review by petitioning for transfer to the Missouri Supreme Court." The Eighth Circuit concluded, in Randolph, that a state prisoner, seeking federal habeas review, need not seek transfer to the Missouri Supreme Court. Id. at 404-405.

**C.     Timeliness**

Respondent also argues that Petitioner's § 2254 Petition for habeas relief should be denied because it is untimely. The limitation period of § 2244(d)(1) runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Thus, the statute provides that any additional period during which the statute is tolled is added to the one-year period. Peterson

v. Gammon, 200 F.3d 1202, 1204 (8th Cir. 2000). While a properly filed state petition for post-conviction relief is pending the 1-year period of § 2244(d)(2) is tolled. Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). The pivotal question arises, therefore, as to when an application for state post-conviction relief is pending. Id. "The term 'pending' includes the interval between the trial court's denial of postconviction relief and the timely filing of an appeal from the denial." Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002) (citing Peterson, 200 F.3d at 1203). It is not "pending," however, "between the date direct review concludes and the date an application for state postconviction relief is filed." Id. (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)). The appeal of a post-conviction relief motion remains pending until the appellate court issues its mandate. However, for Missouri prisoners the statute does not commence to run until the appellate court issues the mandate. Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (holding that post-conviction proceedings in Missouri are not final until issuance of the mandate); Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) ("Under Missouri state court procedures, [the petitioner's] post-conviction relief proceedings were not final until the issuance of the mandate.") ; Williams v. Bruton, 299 F.3d 981, 982-83 (8th Cir. 2002). The United States Supreme Court has recently clarified that the statute is not tolled after the date the mandate issues on the appeal of a post-conviction relief motion whether or not the defendant files for certiorari with the United States Supreme Court. Lawrence v. Florida, 127 S.Ct. 1079, 1083 (2007) ("The application for state postconviction review is [] not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.").

For a Missouri defendant, a "judgment becomes final for purposes of appeal when the judgment and sentence are entered." State v. Holtze, 250 S.W.3d 745, 746 (Mo. Ct. App. 2008) (citing State v. Welch, 865 S.W.2d 434, 435 (Mo. Ct. App. 1993). An appeal must be filed within

7

ten days thereafter. State ex rel. Wagner v. Ruddy, 582 S.W.2d 692, 693 (Mo. banc 1979). The same time limit applies to those cases where an appeal is permitted from a guilty plea. State v. Werbin, 597 S.W.2d 663, 664 (Mo.App.1980)." State v. Harris, 863 S.W.2d 699, 700 (Mo. Ct. App. 1993).

The Eighth Circuit has recently held that for Missouri prisoners who do not file for transfer to the Missouri Supreme Court pursuant to Missouri Rules 83.01 and 83.04 "'the expiration of the time for seeking [direct] review' does not include the 90-day period for filing for certiorari" with the United States Supreme Court. Riddle v. Kemna, 523 F.3d 850, 855 (8th Cir. 2008). Rather, the statute of limitations commences to run when a Missouri prisoner fails to file, fifteen days after the appellate court's decision, the first motion to transfer to the Missouri Supreme Court. "The AEDPA statute of limitations, however, does not begin then if the alternative trigger, 'conclusion of direct review,' occurs later." Under such circumstances the "conclusion of direct review for purposes of §2244(d)(1)(A)" occurs "when the Missouri Court of Appeals issues its mandate." Id. at 856.

Rule 91 provides that a person restrained of liberty within Missouri may seek relief pursuant to habeas corpus petition and specifically states that it "applies in all particulars not provided for by the foregoing provisions." Where a criminal defendant fails to timely bring a claim pursuant to state appellate or post-conviction procedure, there is authority that an issue unknown or not reasonably discoverable to the inmate during the period in which he could have file for relief under these procedures can provide the basis for habeas corpus relief under Rule 91. Brown v. Gammon, 947 S.W.2d 437, 440 (Mo. Ct. App. 1997) (citing Merriweather v. Grandison, 904 S.W.2d 485, 489 (Mo. Ct. App.1995); Walls v. Delo, 755 F. Supp. 873, 875 (E.D. Mo.1991)).

Where a Missouri prisoner fails to raise issues in his direct appeal or in post-conviction relief proceedings, he cannot base federal review pursuant to § 2254 on his filing a state petition for writ

8

of habeas corpus which state petition is filed improperly pursuant to Missouri law. See Preston v. Delo, 100 F.3d 596, 600 (8th Cir. 1996). The Eighth Circuit has explained as follows that:

> Byrd v. Delo, 942 F.2d 1226 (8th Cir.1991), ... involv[ed] the Missouri Supreme Court's summary denial of a Rule 91 habeas petition with the same language as used in this case. We stated, "[a]fter Coleman [v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)], there is simply no reason to construe an unexplained Rule 91 denial as opening up the merits of a previously defaulted federal issue," because such a denial rests on the Missouri procedural rule that Rule 91 cannot be used to raise claims that could have been raised on direct appeal or in a timely motion for post-conviction relief. Byrd, 942 F.2d at 1232. Both before and after Simmons, we have consistently followed Byrd's rule regarding unexplained denials of Rule 91 petitions. See Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir.1996); Charron v. Gammon, 69 F.3d 851, 857 (8th Cir.1995), cert. denied, 518 U.S. 1009, 116 S.Ct. 2533, 135 L.Ed.2d 1056 (1996); Anderson v. White, 32 F.3d 320, 321 n.2 (8th Cir.1994); Battle v. Delo, 19 F.3d 1547, 1561 (8th Cir.1994) (subsequent history omitted); Blair v. Armontrout, 976 F.2d 1130, 1136 (8th Cir.1992), cert. denied, 508 U.S. 916, 113 S.Ct. 2357, 124 L.Ed.2d 265 (1993).

Id.

## III.
## DISCUSSION

**A.     Timeliness**

Respondent contends that petitioner's § 2254 Petition is untimely. Petitioner contends that he raises jurisdictional issues and that under such circumstances timeliness is not relevant. As Petitioner was sentenced on June 4, 2001, the judgment against him became final fifteen days after that date. See Holtze, 250 S.W.3d at 746. Petitioner did not file a timely motion pursuant to Rule 30.01(d). The one-year statute of limitations of § 2244(d), therefore, commenced to run on June 14, 2001. Petitioner did not file his § 2254 Petition until July 1, 2008. As such, the petition is untimely.

To the extent that petitioner contends that his "Jurisdictional Petition" was filed pursuant to Missouri Rule 91 and that, therefore, the statute was tolled until after the Missouri appellate court summarily dismissed the alleged Rule 91 petition, petitioner did not file the Jurisdictional Petition until well after the 1-year statutory limitation of § 2244(d)(1) had expired. See Gray v. Gammon, 283

F.3d 917, 918 (8th Cir. 2002) (per curiam). Moreover, assuming, arguendo, that petitioner's Jurisdictional Petition was a Rule 91 petition, petitioner could have argued in a post-conviction relief motion that his sentence violated his constitutional rights, the argument he raises in Ground 1 of his § 2254 Petition. He could have also filed a pro se post-conviction motion raising the issues of Grounds 2 and 3. Petitioner did not do so but, rather, filed a Rule 91 petition. Thus, his alleged Rule 91 petition was not properly filed in accordance with Missouri law and, therefore, it did not toll the 1-year statutory period. See Preston, 100 F.3d at 600.

To the extent that petitioner contends the statute of limitations should be equitably tolled, Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001), holds as follows:

> It is settled in this circuit (and most others) that the statute of limitations in § 2244(d) is subject to the doctrine of equitable tolling. See Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir.2001). However, equitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief: Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Further, equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir.2000) ... .
>
> There is no constitutional right to counsel in seeking state post-conviction relief, Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), and no statutory right to counsel under Minnesota law, see Minn.Stat. § 590.05 (2000). Thus, an unsuccessful search for counsel was not an extraordinary circumstance warranting equitable tolling. See Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir.) ... .

The United States Supreme Court addressed the issue of equitable tolling in Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). In Pace, the Court held that a state habeas petitioner was not entitled to equitable tolling for the time during which his untimely post-conviction relief petition was pending in the state courts because he did not diligently pursue his rights under state procedure. The court further set forth the requirements for equitable tolling as follows: (1) the petitioner diligently pursued his rights and (2) "some extraordinary circumstances stood in his way." Id.

Petitioner neither alleges that he diligently pursued his rights or that extraordinary circumstances prevented him from filing a timely habeas petition.

Accordingly, the undersigned recommends that the petition be denied as untimely.

**B.    Procedural Default**

Respondent contends that petitioner has procedurally defaulted all the issues raised in his petition. Petitioner contends, without explanation, that respondent is incorrect in this regard. Petitioner, however, did not raise any of the issues which he raises before this court before the Missouri appellate court. As such, petitioner has procedurally defaulted the three grounds for relief which he raises in his § 2254 Petition. To the extent petitioner's § 2254 Petition can be read to suggest that his procedural default should be excused because he was denied effective assistance of post-conviction counsel, the Eighth Circuit has held that any deprivation or ineffectiveness by post-conviction counsel cannot "be cause [to excuse procedural default] because there is no constitutional entitlement to post-conviction counsel." Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir. 1998) (citing Coleman, 501 U.S. at 75). Petitioner does not otherwise suggest why his procedural default should be excused.

Accordingly, the undersigned recommends, in the alternative, that petitioner's § 2254 Petition be denied in its entirety on the basis of procedural default.

**C.    Cognizable Claims**

**1.    Ground 1 - Petitioner's Sentence is Unlawful:**

As stated above, petitioner was sentenced to a total of eighty years incarceration as his sentences for each count are to run consecutive to one another. In Ground 1, petitioner contends that his sentences were in excess of that provided by State statute. For Count I, the class C felony of forcible sodomy, petitioner received a seven-year sentence. Mo. Rev. Stat. § 558.011(3) provides

11

for a term of imprisonment not to exceed seven years for this crime. For Count II, forcible sodomy, petitioner was sentenced to seventeen years, although Mo. Rev. Stat. §566.060.2 provides that one found guilty of this crime can receive a sentence of life imprisonment. For Count III, the class B felony of sexual abuse, petitioner received a sentence of eight years, although under Mo. Rev. Stat. § 558.011.1(2), a person found guilty of this crime can receive a sentence of five to fifteen years. For Count IV, the class C felony of sexual abuse, petitioner received a seven-year sentence, consistent with Mo. Rev. Stat. 558.011.1(3), which provides that this crime is punishable by a term of imprisonment not to exceed seven years. For Count V, forcible sodomy, which as stated above, carries a maximum sentence of life imprisonment, petitioner received a seventeen-year sentence. For Count VI, the class C felony of sexual abuse, petitioner received a seven-year sentence, the maximum permitted for this crime under Mo. Rev. Stat. 558.011.1(3). For Count VII, forcible sodomy, petitioner received a seventeen-year sentence despite the fact that this crime carried a maximum sentence of life imprisonment. As such, all of petitioner's sentences were within the statutorily authorized ranges of punishment.

Moreover, to the extent petitioner contends that the sentencing court incorrectly interpreted State law, issues concerning the interpretation and application of state law are not cognizable in federal habeas review. <u>Poe v. Caspari</u>, 39 F.3d 204 (8th Cir. 1994) (holding that it is not the province of a federal habeas court to reexamine state court determinations on state law questions); <u>Higgins v. Smith</u>, 991 F.2d 440, 442 (8th Cir. 1993) (holding that an error in the interpretation and application of state law does not rise to the level of a constitutional violation cognizable in a federal habeas petition); <u>Jones v. Armontrout</u>, 953 F.2d 404, 405 (8th Cir. 1992) (holding that the State court incorrectly applied State law without more, does not establish that a prisoner is being held in violation of the laws or constitution of the United States, which is a prerequisite for relief under §2254). In

the instant case, petitioner does not assert a constitutional violation in Ground 1, but merely requires the court to interpret and apply Missouri sentencing statutes. As such, petitioner's Ground 1 is not cognizable under § 2254.

Accordingly, the undersigned recommends that Ground 1 be denied.

### 2. Grounds 2 and 3 - Ineffective Assistance of Counsel:

In Grounds 2 and 3, petitioner contends that he was denied effective assistance of counsel in State post-conviction proceedings. As stated above, a habeas petitioner has no right to effective assistance of counsel in State post-conviction relief proceedings. Malone, 138 F.3d at 719. See also Pennsylvania v. Finely, 481 U.S. 551, 557 (1987); Oxford v. Delo, 59 F.3d 741, 748 (8th Cir. 1995); Lowe-Bey v. Groose, 28 F.3d 816, 820 (8th Cir. 1994) (citing Coleman v. Thompson, 501 U.S. 722, 752-55 (1961)). Because post-conviction proceedings are civil in nature, the Sixth Amendment right to effective assistance of counsel does not apply to State post-conviction proceedings. See Williams v. State of Missouri, 640 F.2d 140, 144 (8th Cir 1981) (citing Noble v. Sigler, 351 F.2d 673, 678 (8th Cir. 1965)).

Accordingly, the undersigned recommends that petitioner's Grounds 2 and 3 be denied.

## IV.
## CERTIFICATE OF APPEALABILITY

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997)(citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)); Tokar v. Bowersox, 1 F.Supp.2d 986, 1016 (E.D. Mo. 1998). In this

case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the petition of James H. Gibson for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied.**

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued. The parties are advised they have fourteen (14) days, in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE

Dated this  23rd  day of  August, 2011.